## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

---

**SHEILA WHITMORE, and**
**ANTHONY WHITMORE,**

     **Plaintiff,**

**Vs.**                                 **Civ. Action. No.2:15-cv-2077**
                                             **JURY TRIAL DEMANDED**

**GREENTREE SERVICING,**

     **Defendants.**

---

## MEMORANDUM IN SUPPORT OF THE
## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

---

COMES NOW THE PLAINTIFF, by and through undersigned counsel of record, who moves this Court, pursuant to F.R.C.P. Rule 59 and would state as follows:

A judgment may be altered or amended under Rule 59(e) for any of the following three reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to otherwise prevent manifest injustice. <u>Gencorp, Inc. v. Am. Int'l Underwriters</u>, 178 F.3d 804, 834 (6th Cir. 1999). The plaintiff avers that all three of these factors are present and are a reason to grant the relief requested.

**1. There has been a clear error of law in the Court's Ruling as the statute requires information regard to the intent of the signer.**

The Plaintiff would respectfully aver that the Court has wrongly defined endorsement in its ruling. In its ruling it never cites the specific language of the statute, and if this had been done, it would have been clear that this specific statutory language contradicts the Court's conclusion as

to the content of this statute. The specific language of the statute wherein the term "endorsement" is defined is as follows:

> 47-3-204. Endorsement. — (a) "Endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement……

The first sentence of the statute REQUIRES that the signature (which optionally can be accompanied by other words) be made for the purpose of negotiating the instrument, restricting the payment of the instrument, or incurring the endorser's liability of the instrument. In this situation, there must be some evidence of what the INTENT OF THE SIGNER is in order ascertain why the document was signed. T.C.A. 47-3-204 requires this in its first sentence. In contrast, the court's conclusion, unsupported by citation, that simply a person's name written on a piece of paper without any information in regard to intent of the signer, is simply contradictory to what the explicit language of T.C.A. 47-3-204 says.

In addition, T.C.A. 47-3-204 also has an explicit and all important sentence; "…but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement." See T.C.A. 47-3-204. This sentence uses the conjoined phrase AND. We know that this conjunction has a clear meaning. This meaning is simply that a signature and its accompanying words IS an endorsement, NOT a signature alone, as the Court has ruled. Therefore, the Plaintiff avers that this ruling is in error

**2. There was newly discovered evidence which should have allowed the Plaintiff's to amend their complaint and the Court's denial of this Motion to Amend and the Denial of the Request for a Stay,**

The Plaintiffs have obtained the affidavit of Cindi Callaham, the person who purportedly endorsed the note that the Defendant, Green Tree seeks to enforce against the Plaintiffs. This affidavit makes the following facts crystal clear:

A. That after RMBG went into receivership in 2007, NO ONE was allowed to use her stamp. Her affidavit makes it clear that she ceased her employment in 2007 and truthfully only had knowledge of the endorsement of notes up to 2001 in her employment with RMBG. Therefore, if the endorsement was put on the document AFTER 2001 or at the latest 2007 SHE DID NOT ENDORSE THE DOCUMENT, AND NO ONE AT HER DIRECTION ENDORSED THE DOCUMENT; and

B. The Plaintiffs have obtained a copy of the note as it existed in 2011. This version HAD NO ENDORSEMENTS AT ALL. Therefore, it is clear that there is a real factual issue as to whether these endorsements which are at issue in this case have been executed after 2011 or not.

These facts are ones the Court should consider in whether the ruling in this case should be altered or amended. Dismissal of this matter before there has been a factual determination of whether these endorsements were executed after the fact is inappropriate.

## The Misrepresentation Claim

Finally, in regard to the plaintiffs' misrepresentation claims, the Court's tatements about reliance are simply without basis. In the complaint the Plaintiff clearly states that there were acts committed in reliance upon the misrepresentations, most importantly the payment of money to the Defendant, filing a chapter 13 bankruptcy to repay the loan and proposing a plan of repayment in that bankruptcy, all of which would have been unnecessary if they had not been mislead.

RESPECTFULLY SUBMITTED,

/s/<u>Curtis D. Johnson, Jr.</u>
CURTIS D. JOHNSON, JR. (015518)
Attorney for the Plaintiffs
Suite 930, 1331 Union Ave.
Memphis, Tennessee  38104
Telephone: (901) 725-7520
Facsimile:  (901) 725-7570
cjohnson@johnsonandbrownlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, CURTIS D. JOHNSON, JR., do hereby certify that a copy of the foregoing pleading

has been mailed to Counsel for the Defendants,

Klint W. Alexander (#20420)
V. Austin Shaver (#26581)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201

on this, the _14th _ day of September, 2015.

_/s/Curtis D. Johnson, Jr. _____
CURTIS D. JOHNSON, JR.