UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

---

| | |
|---|---|
| SHEILA WHITMORE and ANTHONY WHITMORE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:15-cv-2077 ) |
| GREENTREE SERVICING | ) ) ) |
| Defendant. | ) ) |

---

**DEFENDANT GREEN TREE SERVICING LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

---

Defendant Green Tree Servicing LLC, now known as Ditech Financial LLC ("Green Tree")[1], by and through counsel, hereby submits this Response in Opposition to Plaintiffs' Motion to Alter or Amend Judgment (the "Response"). Plaintiffs' Motion to Alter or Amend Judgment (the "Rule 59 Motion") does not meet the standards set forth in Fed. R. Civ. P. 59(e). Accordingly, this Court should deny the Rule 59 Motion and affirm the dismissal of this case with prejudice. In support of the Response, Green Tree states as follows:

## I. INTRODUCTION

The Rule 59 Motion should be denied, and this matter dismissed with prejudice, because Plaintiffs fail to meet the standards for a court to alter or amend a final judgment under Fed. R. Civ. P. 59(e). In their Rule 59 Motion, Plaintiffs ask this Court to set aside the final judgment denying Plaintiffs' motion to amend their complaint and dismissing this cause for three reasons: (1) the Court allegedly committed "clear error" in holding that the proposed Amended Complaint

---

[1] Defendant Green Tree Servicing LLC is incorrectly named as Greentree Servicing in the Complaint.

1

N HEH 1570787 v1
2016792-000045  09/25/2015

did not sufficiently allege that the endorsements on a promissory note signed by Plaintiffs (the "Note") were invalid or ineffective; (2) the Court allegedly committed "clear error" by dismissing Plaintiffs' misrepresentation and estoppel claims after holding that Plaintiffs did not allege justifiable and detrimental reliance on any representation of Green Tree; and (3) Plaintiffs allegedly possess "newly discovered evidence" to support their claim that the Note's endorsements were invalid and which merits reconsideration of the Court's final judgment.

Plaintiffs' arguments have no basis in fact or law. First, this Court did not commit "clear error" in its order denying Plaintiff's Motion to Amend and dismissing this cause with prejudice (the "Dismissal Order"). On the contrary, in a well-written opinion, the Court cited Tennessee statutes and applicable case law to support its holding that Plaintiffs' did not sufficiently allege that the endorsements were legally invalid or that Plaintiffs detrimentally relied on any misrepresentation by Green Tree. Furthermore, Plaintiffs do not possess any "newly discovered evidence" to justify Rule 59 relief. The purported "new evidence" upon which the Rule 59 Motion relies was created and made publically available for years before Plaintiff brought this action. Plaintiff also produced this evidence in discovery nearly two months before the Court entered the Dismissal Order. The Rule 59 Motion therefore fails as a matter of law and should be denied.

## II. FACTS AND PROCEDURAL HISTORY

1. On January 8, 2015, Plaintiffs filed their original complaint. (See Doc. No. 1-1). Therein, Plaintiffs alleged wrongful foreclosure, negligent misrepresentation, and injunctive relief, and they requested a declaratory judgment. (*Id.*). Each claim arose out of Plaintiffs' mistaken belief that the Deed of Trust was not assigned to Green Tree, and as a result, Green Tree had no right to foreclose on Plaintiffs' house (the "Property").

N HEH 1570787 v1
2016792-000045 09/25/2015

2. Following removal to this Court, Green Tree filed its first Motion to Dismiss. (Doc. No. 3). Therein, Green Tree explained how Plaintiffs' claims for relief were plainly inconsistent with the alleged facts and applicable law. (*Id.*).

3. Plaintiffs did not submit any written response thereto or request any extensions of time to respond. Instead, their counsel appeared at the hearing on the first Motion to Dismiss and obtained a thirty (30) day extension of time to respond thereto. (Doc. No 12).

4. On April 6, 2015, the deadline for Plaintiffs to respond to Green Tree's first Motion to Dismiss, Plaintiffs filed a Motion to Amend Complaint and attached a copy of their proposed Amended Complaint. (Doc. No. 15). In the proposed Amended Complaint, Plaintiffs again allege several claims based on Green Tree's purported lack of standing to foreclose on the Property, but this time they based their claims on alleged issues with the negotiation of the Note instead of the Deed of Trust. (Doc. No. 15-3).

5. On April 13, 2015, Green Tree filed a Response in Opposition to Plaintiffs' Motion to Amend Complaint. (Doc. No. 17). In this response, Green Tree argued that Plaintiffs' proposed Amended Complaint was futile because (1) as the holder of the Note, a bearer paper negotiable instrument, Green Tree was entitled to enforce the Note and foreclose on the Property; and (2) the proposed Amended Complaint did not allege any facts to suggest that the endorsements were invalid or legally insufficient. (*Id.*).

6. On August 14, 2015, this Court entered an Order Granting Green Tree's Motion to Dismiss and Denying Plaintiffs' Motion to Amend Complaint (the "Dismissal Order"). (Doc. No. 20). In the Dismissal Order, the Court dismissed Plaintiffs' Complaint and denied Plaintiffs' Motion to Amend Complaint after holding that Plaintiffs failed to allege any facts to support (1) their challenge to the validity of the recorded assignments of the Deed of Trust encumbering the

Property; (2) their claim that the Note's endorsements were invalid or legally insufficient; or (3) their claim for misrepresentation or estoppel because they did not adequately plead justifiable reliance, an essential element of these claims. (*Id.*).

7. On September 14, 2015, Plaintiffs filed the Rule 59 Motion. (*Id.*). In the Rule 59 Motion, Plaintiffs argued that the Court committed a clear error in finding that the proposed Amended Complaint contained no allegation that (a) the Note's endorsements were invalid or (b) Plaintiffs suffered damages in justifiable reliance on any action of Green Tree. Plaintiffs also argued that the Court failed to consider "newly discovered evidence" that purportedly supports Plaintiffs' arguments about the Note's endorsements. (*Id.*). The "newly discovered evidence" upon which Plaintiffs' purportedly rely, however, is a letter dated December 12, 2010, which was allegedly filed in the United States District Court for the Northern District of Ohio, Case No. 1:10-cv-02453, Doc. 13-1, on February 18, 2011 and was produced by Plaintiffs in response to Green Tree's discovery requests in this case nearly two months before this Court entered the Dismissal Order.

For the reasons stated herein, Plaintiffs fail to assert any basis for this Court to alter or amend the Dismissal Order. Accordingly, this Court should deny the Rule 59 Motion and enter a final judgment of dismissal with prejudice.

### IV. ARGUMENT

**A. Plaintiffs are not entitled to relief under Fed. R. Civ. P. 59(e).**

Plaintiffs fail to allege a basis for relief under Fed. R. Civ. P. 59(e). When a plaintiff requests that a court alter or amend a final judgment, the plaintiff "shoulder[s] a heavy burden," and "must provide a compelling explanation to the district court for granting the motion." Leisure Caviar, LLC v. U.S. Fish and Wildlife Service, 616 F.3d 612, 616-17 (6th Cir. 2010). In

4

N HEH 1570787 v1
2016792-000045 09/25/2015

such settings, courts "must 'consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation.'" Id. at 615-16 (quoting Morse v. McWorter, 290 F.3d 795, 800 (6th Cir. 2002)). Accordingly, "[a] claimant who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion." Leisure Caviar, 616 F.3d at 617. Under these heightened standards, a court will entertain a motion to alter or amend a final judgment under Rule 59(e) only if the plaintiff demonstrates "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Id. at 616. Here, Plaintiffs fail to demonstrate any of these required elements. Consequently, this Court should deny the Rule 59 Motion.

### i. This Court did not commit "clear error" in the Dismissal Order.

In the Rule 59 Motion, Plaintiffs allege that this Court committed "clear error" on two issues in the Dismissal Order. First, Plaintiffs claim that the Court erred in holding that Plaintiffs' proposed Amended Complaint did not allege sufficient facts to show that the Note's endorsements were invalid. Plaintiffs also claim that the Court erred in holding that the proposed Amended Complaint did not sufficiently allege detrimental reliance on any action or inaction of Green Tree.

### (a) The Court did not err in holding that the proposed Amended Complaint did not allege facts to suggest that the Note's endorsements were invalid.

In Plaintiffs' proposed Amended Complaint, Plaintiffs alleged that because the endorsements (1) are not dated, (2) fail to clearly identify the persons executing each endorsement, and (3) fail to identify the purpose for which the endorsements were made, the endorsements are not enforceable under Tennessee law. (Doc. No. 15-3, ¶ 18).

5

In the Dismissal Order, this Court clearly and correctly explained how Plaintiffs' proposed Amended Complaint could not survive a motion to dismiss under Rule 12(b)(6), stating as follows:

> First, there is no requirement that endorsements be dated. See Hixson v. Wilson and Assoc., PLLC, No. 1:12-cv-105, 2013 WL 6147826, at *5 (E.D. Tenn. Nov. 22, 2013). Second, Plaintiffs' argument that the endorsement does not clearly identify the person executing each endorsement is clearly rebutted by the copy of the note that Defendant attached to its response to Plaintiffs' Motion to Amend. (See ECF No. 17-1, showing an endorsement "in blank" by Cindi Callahan, Senior Vice President of RSMG, Inc.). Finally, there is no requirement for an endorser to explicitly identify the purpose for the endorsement. See Tenn. Code Ann. § 47-3-204 (providing that a signature is presumed to be an endorsement "unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement.").

(Doc. No. 20). In the Rule 59 Motion, Plaintiffs claim that the Court erred in this holding. According to Plaintiffs, the plain language of the statute requires that a signature alone cannot constitute an endorsement. (Doc. No. 22-1). Instead, "there must be some evidence of what the INTENT OF THE SIGNER is in order to ascertain why the document was signed. T.C.A. 47-3-204 requires this in its first sentence." (*Id.*). Plaintiffs therefore conclude that the Court erred in finding that the endorsements were valid.

Plaintiffs' argument is meritless. First, Plaintiffs' position is plainly inconsistent with the statute itself. As Green Tree explained in its Response to Plaintiff's Motion to Amend Complaint, and as this Court held in the Dismissal Order, Tenn. Code Ann. § 47-3-204 expressly provides that "'[e]ndorsement' means a signature" and that a signature alone is presumed to be a valid endorsement unless the signature is accompanied by words, terms, or other circumstances that *unambiguously indicate* that the signature was made for a purpose other than endorsement. Tenn. Code Ann. § 47-3-204. After observing the Note's signed endorsement "in blank," the Court held that Plaintiffs did not sufficiently allege that the circumstances of the signature

6

"unambiguously indicated" that the signature was for a purpose other than endorsement, and it denied Plaintiffs' Motion to Amend Complaint. Plaintiffs offer no authority to support their position other than the statute itself, which, as the Court explained in the Dismissal Order, provides that the endorsements *are valid*. Plaintiffs therefore fail to demonstrate a "clear error" by the Court on this point. The Rule 59 Motion should be denied accordingly.

> **(b) The Court did not err in holding that the proposed Amended Complaint did not sufficiently allege justifiable reliance, an essential element misrepresentation and estoppel.**

In the Dismissal Order, the Court correctly held that Plaintiffs did not adequately plead detrimental and justifiable reliance on Green Tree's alleged assertion that it was reviewing Plaintiffs' loan modification application, which is an essential element of Plaintiffs' misrepresentation and estoppel claims. Specifically, this Court held,

> Plaintiffs assert, without explaining how or why, that they relied on the alleged statement that their loan modification was under review and that this reliance resulted in Green Tree foreclosing on their property. However, Plaintiff does not allege any action they took (or refrained from taking) based on Green Tree's alleged statement.

(Doc. No. 20). In the Rule 59 Motion, Plaintiffs assert the same argument that this Court rejected in the Dismissal Order: that Plaintiffs detrimentally and justifiably relied on Green Tree's alleged misrepresentation by (1) paying money to Green Tree and (2) filing a chapter 13 bankruptcy and proposing a chapter 13 plan that included repayment of the Note. (Doc. Nos. 15-3, ¶ 24; 22-1).

Plaintiffs' argument on this point is without merit. Paying Green Tree and filing bankruptcy cannot possibly be considered actions taken "in reliance" on Green Tree's alleged statement. The crux of Plaintiffs' claim is that Green Tree misrepresented that it was considering Plaintiffs' application for a loan modification when it foreclosed on the Property. According to

Plaintiffs, this statement induced them into paying Green Tree and filing for bankruptcy. This assertion simply does not make sense. First, as the holder of the Note, Green Tree was entitled to payment regardless of the status of any purported mortgage modification. Thus, Plaintiffs' paying Green Tree on the Note cannot constitute an action taken *in reliance* on Green Tree's purported statement. Second, Plaintiffs offer no explanation of how the alleged statement of Green Tree regarding the mortgage modification justifiably induced them to file bankruptcy, nor can they, since filing bankruptcy is not a logical reaction to a representation that a proposed mortgage modification is under review. The Court therefore did not err in holding that Plaintiffs' estoppel and misrepresentation claims would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Accordingly, the Court should deny the Rule 59 Motion.

> ii. **The evidence upon which Plaintiff's Rule 59 Motion is based is not "newly discovered" such that Rule 59 relief is justified.**

For a plaintiff to succeed on a motion to alter or amend a judgment under Rule 59 based on evidence not before the Court when the judgment was entered, the evidence must be "newly discovered." Leisure Caviar, 616 F.3d at 616. "'To constitute 'newly discovered evidence,' the evidence must have been previously unavailable.'" Id. (quoting GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)). "A plaintiff cannot use a Rule 59 motion . . . to raise arguments which could, and should, have been made before judgment issued." Leisure Caviar, 616 F.3d at 616; Gilley v. Eli Lilly and Co., No. 3:10-CV-251-TAV-HBG, 2014 WL 619583, at *2 (E.D. Tenn. Feb. 18, 2014) ("Rule 59 motions are not intended as a vehicle to re-litigate previously considered issues [and] should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence.").

This Court has held that evidence is not "newly discovered" for the purpose of Rule 59 if the evidence was publicly available and the plaintiff could have discovered it earlier with

8

N HEH 1570787 v1
2016792-000045  09/25/2015

reasonable diligence. Johnson v. Interstate Brands Corp., No. 07-2227-STA, 2008 WL 4585337, at *5 (W.D. Tenn. Oct. 10, 2008). In Johnson, after the plaintiff's case was dismissed on summary judgment, the plaintiff moved to alter or amend the judgment under Rule 59. Id. at *3. The plaintiff claimed to have newly discovered evidence regarding the defendant's bankruptcy, which purportedly supported her arguments. Id. at *5. The court denied the plaintiff's request for Rule 59 relief, stating,

> [I]n order to constitute "newly discovered evidence" for purposes of Rule 59(e), the evidence must have been previously unavailable. As Defendant points out, Defendant filed for bankruptcy on September 22, 2004, approximately two and one-half years before Plaintiff even filed suit. Without some further showing or offer of proof, evidence of Defendant's bankruptcy was a matter of public record, and Plaintiff's claim that it is now newly discovered evidence has no justification.

Id. This is consistent with how the Sixth Circuit Court of Appeals has addressed the issue. See Leisure Caviar, 616 F.3d at 617 (denying Rule 59 relief after holding, "It may be true that this information was 'newly discovered' in one sense, in that the plaintiffs apparently first learned about it during discovery. But the information should not have come as a surprise.").

This Court should deny the Rule 59 Motion because the purported evidence upon which the Motion is based, an alleged affidavit from Cindi Callahan, is not "newly discovered." The purported affidavit was signed on December 12, 2010 and was publically filed in the United States District Court for the Northern District of Ohio on February 18, 2011, three years before Plaintiffs filed this case. Based on the holding of this Court in Johnson, the fact that the affidavit was public record at the time Plaintiffs' brought this action prevents it from being considered "newly discovered evidence." Furthermore, Plaintiffs produced the affidavit as a part of their discovery responses in this case on June 23, 2015, nearly two months before this Court entered the Dismissal Order. Plaintiffs had every opportunity before final judgment to ask the Court for permission to amend their complaint again or to ask that the Court consider additional evidence,

9

but they did not do this. Instead, they are doing exactly what countless courts within the Sixth Circuit have held is impermissible: filing a Rule 59 motion after losing a case based on arguments that *could have been made, but were not made* before the final judgment was entered. See Leisure Caviar, 616 F.3d at 616. Because the "evidence" on which Plaintiffs' Rule 59 Motion is based was not "newly discovered," the Rule 59 Motion is without merit and should be denied.

## CONCLUSION

Plaintiffs' Rule 59 Motion does not satisfy the legal standard for relief under Rule 59. First, Plaintiffs fail to identify any "clear error" by this Court. As the Court correctly held, Plaintiffs' proposed Amended Complaint failed to allege sufficient facts to suggest that (1) the Note's endorsements were invalid; and (2) Plaintiffs justifiably and detrimentally relied on the ostensible misrepresentation by Green Tree. Second, Plaintiffs have not identified any "newly discovered evidence" to justify Rule 59 relief. The evidence upon which they purportedly rely was publically available in 2011 and was in Plaintiffs' possession sometime before June 23, 2015, nearly two months before this Court entered the Dismissal Order. Plaintiffs cannot identify any basis for Rule 59 relief. This Court therefore should deny the Rule 59 Motion and dismiss this matter with prejudice.

Pursuant to LR 7.2(a)(2), a Proposed Order has been emailed to ECF_Judge_Lipman@tnwd.uscourts.gov.

Dated this 25th day of September, 2015.

Respectfully submitted,

*/s/ V. Austin Shaver*

V. Austin Shaver (#26581)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
T: 615.726.5761
F: 615.744.5761
E-mail: 25vshaver@bakerdonelson.com

*Attorneys for Defendant*
*Green Tree Servicing LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on September 25, 2015, I caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Curtis D. Johnson, Jr., Esq.
11 S. Idlewild Street
Memphis, TN 38104

*Attorney for Plaintiff*

                                          BAKER, DONELSON, BEARMAN,
                                          CALDWELL & BERKOWITZ, P.C.

                                          By:   s/V. Austin Shaver