# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHEILA WHITMORE and ANTHONY WHITMORE,<br><br>　　　Plaintiffs,<br><br>v.<br><br>GREENTREE SERVICING,<br><br>　　　Defendant. | No. 15-cv-2077-SHL-tmp |

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

In this case, a couple claims that a company which held the mortgage to their home and serviced their home-loan committed wrongful foreclosure, negligent misrepresentation and promissory estoppel. Plaintiffs Sheila Whitmore and Anthony Whitmore's ("Plaintiffs") claims are founded on the allegation that Defendant Green Tree Servicing, LLC ("Defendant") never received a valid assignment of the deed of trust to their home; and, further, that Defendant allegedly promised to review Plaintiffs' loan modification application but instead foreclosed on their home. Based on public records, however, the Court already found that Plaintiffs' arguments regarding the validity of the assignment fail as a matter of law, vitiating their claims for wrongful foreclosure and negligent misrepresentation. (ECF No. 20 at 6.) Furthermore, the Court found that Plaintiffs failed to sufficiently plead any detrimental and justifiable reliance, which is an essential element of a claim of equitable estoppel. (ECF No. 20 at 7.) Plaintiffs now ask the Court to review those findings. (ECF No. 22). Because Plaintiffs have failed to demonstrate the existence of new evidence or any clear error committed by this Court, their Motion to Alter or Amend Judgment is **DENIED**.

I.   ANALYSIS

Because judgment has been entered against Plaintiffs, they seek relief under Fed. R. Civ. P. 59(e). "Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (citation and internal quotation marks omitted). Here, Plaintiffs assert that the Court has misapplied Tennessee Code Annotated § 47-3-204 (a clear error of law), that they have obtained newly discovered evidence, and that the Court committed "absolute error" in misinterpreting the allegations in the Complaint. (ECF No. 22 at 1-3.) Defendant argues that "Plaintiffs' arguments have no basis in fact or law." (ECF No. 25 at 2.) The Court agrees with Defendant.

First, Plaintiffs argue that the Court misapplied Tenn. Code Ann. § 47-3-204. Without elucidating their argument, Plaintiffs simply state that "the explicit language of the statute . . . support [sic] the Plaintiffs' position, and this ruling . . . is clearly in error." (ECF No. 22 at 2.) The Court, therefore, can only assume that Plaintiffs intend to reincorporate their same arguments from their Motion to Amend the Complaint (ECF No. 15), and their Response to Defendant's Motion to Dismiss (ECF No. 16). These arguments have already been addressed by the Court, with citations to proper authority, and were dismissed because they failed as a matter of law. (ECF No. 20 at 6.) There is no need to repeat them here.

Second, Plaintiffs aver that they have obtained new evidence through discovery "which make[s] it clear that the endorsements were in fact made after 2011, and therefore invalid [sic], and as such the Plaintiffs' claims regarding when the endorsements were made are not futile as alleged [sic – the Court does not make allegations, it makes findings] by the Court in its ruling."

(ECF No. 22 at 2.) However, Plaintiffs fail to describe, in any way, what this newly discovered evidence is or how it supports Plaintiffs' assertion. Apparently, and according to Defendant, Plaintiffs are relying on an affidavit which was filed in another case three years prior to the filing of this case. (ECF No. 25 at 9.) For purposes of a Rule 59 motion, this is not considered "newly discovered." See GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable."). This basis for reconsideration, therefore, also fails.

Lastly, Plaintiffs aver that the Court committed "absolute error" (which is not a standard for altering a judgment) because they properly pled justifiable reliance in support of their claim for promissory estoppel. (ECF No. 22 at 2-3.) Plaintiffs cite the following paragraph to buttress this position:

> The Plaintiff relied upon the false statements and material omissions of Green Tree Servicing by continuing to attempt to pay them, by filing chapter 13 bankruptcy and proposing a plan which provided for payment to their mortgage indebtedness, and by submitting loan modification application [sic] to the Defendant.

(ECF No. 15-3 at 8.) As Defendant correctly points out, Plaintiffs' assertion "does not make sense." (ECF No. 25 at 8.) First, Defendant simply promised to "review" a loan modification application – this is not commensurate with granting or guaranteeing the loan modification. (ECF No. 1-2 at 2.) For that reason alone, it is unlikely that *any* action taken by a plaintiff would be reasonable or justifiable if made in reliance upon a promise to review an application. Second, the actions pled by Plaintiffs are not actions one would take in reliance upon a promise to review a loan modification application; in fact, they appear to be the actions a person would take if promised that they would be *denied* a loan modification. Plaintiffs' Proposed Amended Complaint states that they

3

continued to pay their debts and also sought alternative ways to pay their debts. This strikes the Court as neither "detrimental" nor done in "reliance" upon a promise to review a loan modification application. One is required to pay their debt obligations, whether a loan modification application is being reviewed or otherwise, and thus these allegations fail to establish, even at the pleadings stage, detrimental reliance.

II. CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Alter Judgment is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of November, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE